ON MOTION TO DISMISS
BLANCHE, Judge.
Plaintiffs filed suit on April 6, 1972, against the City of Hammond, seeking to enjoin defendant from fixing a plaque or historical marker on public property located within the city described as the Peter Hammond Fountain without first submitting the same to the Louisiana Historical Preservation and Cultural Commission for approval.
*746 To the petition the defendant filed a peremptory exception of no cause and no right of action. The matter came on for hearing on April 14, 1972, and the trial court sustained the peremptory exception, dismissing plaintiffs’ suit at their 'costs. The matter is now before us on appeal and the defendant has filed a motion to dismiss the appeal on the grounds that injunctive relief was sought subsequent to the actual fixing or dedication of the above plaque and, therefore, the injunction was not timely sought and is moot.
Assuming arguendo that defendant is correct in his assertion that the injunction is moot, we have searched the record and have not found any evidence to enlighten as to when the plaque was affixed to the fountain. The transcript of testimony consists of only one page and contains the following colloquy between the trial judge and counsel representing the defendant:
“BY THE COURT: It is my understanding that we can stipulate that a plaque has actually been affixed to a fountain, which makes the affixing part moot anyhow. And also it is [my] understanding that no approval was received from the Louisiana Historical Preservation and Cultural Commission prior to the affixing of that plaque or up to this date, is that correct ?
“BY MR. KOPFLER: From whom?
“BY THE COURT: From the Louisiana Historical Preservation and Cultural Commission, is that correct?
“BY MR. KOPFLER: That is right. I don’t believe we had ever had a request.
“BY THE COURT: Well, I don’t want to go into that, I want to go into whether or not one has actually been done since that is the thrust of the plaintiff’s suit for injunction.”
(Note of Evidence, Record, p. 33)
From the foregoing, it is obvious that counsel did not stipulate that the plaque had been affixed to the fountain prior to the hearing. It was a matter on which the court desired to hear evidence, though the record fails to show that any such evidence was ever produced.
For the above and foregoing reasons, the motion to dismiss the appeal is denied.
Motion to dismiss denied.